Case No. 14-2245

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Danny Fischer,

Appellant,

v.

Minneapolis Public Schools,

Appellee.

---

**REPLY BRIEF OF APPELLANT**

---

Thomas E. Marshall (#155597)　　Jonathan Paul Norrie (#347309)
Engelmeier & Umanah, P.A.　　　Bassford & Remele, P.A.
706 Second Avenue South, Suite 1100　　33 South Sixth Street, Suite 3800
Minneapolis, MN  55402　　　　Minneapolis, MN  55402
(612) 455-7720　　　　　　　　(612) 333-3000

ATTORNEYS FOR APPELLANT　　ATTORNEYS FOR APPELLEE

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................3

INTRODUCTION .................................................................................................5

ARGUMENT .........................................................................................................5

    I.    MPS Requires the Court to Set Aside Settled Law to Accept its Defense ..................................................................................................5

        A.    MPS Requests the Court Make a Credibility Decision....................5

        B.    CRT was MPS' Agent........................................................................6

        C.    MPS Bears the Burden of Demonstrating Undisputed Facts ................................................................................................6

        D.    Fischer Brought a Claim of Disability Discrimination....................7

        E.    Fischer Offered Well Founded Expert Testimony..........................9

    II.    Fischer Demonstrated Retaliation ...............................................................11

    III.    Immunity was Not Decided by the Trial Court..........................................12

CONCLUSION ....................................................................................................14

CERTIFICATE OF COMPLIANCE ....................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)......................................6
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ...................................................6
*Conley v. Gibson*, 355 U.S. 41, 47 (1957) ................................................................8
*Davis v. Hennepin County*, 559 N.W.2d 117, 122-24 (Minn. App. 1997)..............14
*First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616,
    622 (8th Cir. 2007)..............................................................................................13
*Heisler v. Metro. Council*, 339 F.3d 622, 632 n. 6 (8th Cir. 2003) ........................11
*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) ..........................10
*Mems v. St. Paul Dep't of Fire & Safety Servs.*, 224 F.3d 735, 738
    (8th Cir. 2000)......................................................................................................7
*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, (2000) .................6
*Ricci v. DeStefano*, 129 S.Ct. 2658, 2677, (2009) ....................................................6
*Rico v. State*, 472 N.W.2d 100, 107 (Minn. 1991) .................................................14
*Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)...............10
*Sayre v. Musicland Grp., Inc.*, 850 F.2d 350, 354 (8th Cir. 1988).........................13
*Scott v. Harris*, 550 U.S. 372, 380, (2007) ...............................................................6
*Singelton v. Wulff*, 428 U.S. 106, 120 (1976) ........................................................12
*State by Beaulieu v. City of Mounds View*, 518 N.W.2d 567, 569-71
    (Minn. 1994) ................................................................................................13, 14
*Torgerson v. City of Rochester*, 643 F. 3d 1031, 1042 (8th Cir. 2011)................5, 6
*United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011).................................10
*Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997).................10
*Wuebker v. Wilbur–Ellis Co.*, 418 F.3d 883, 886 (8th Cir. 2005) ..........................13

**Statutes**

Minn. Stat. § 363A.03, Subd. 36...............................................................................11
Minn. Stat. § 363A.08, Subd. 6(b)(5) .......................................................................11
Minn. Stat. § 363A.15...............................................................................................11
Minn. Stat. § 363A.20, Subd. 8..................................................................................9
Minn. Stat. § 363A.25.................................................................................................9

**Other Authorities**

29 Charles Alan Wright & Victor James Gold, Federal Practice and
    Procedure: Evidence § 6265 (1997).....................................................................10
EEOC Compliance Manual 2-III(B)(2)(a)..................................................................6

EEOC Technical Assistance Manual § 6.4 .......................................................................9

**Rules**

Fed.R.Civ.P. 12(h)(2)(A) ...............................................................................................12
Fed.R.Civ.P. 7(a)(2) ......................................................................................................12

**Regulations**

29 C.F.R. 1630.2(r) .........................................................................................................9
42 U.S.C. 12203(a) .......................................................................................................11

## INTRODUCTION

The Brief of Appellee, Minneapolis Public Schools (hereinafter "MPS") demonstrates multiple genuine issues of fact precluding summary judgment. As Appellant, Danny Fischer, has demonstrated sufficient evidence and testimony to allow a jury to decide his claim under the law, he should be afforded that right.

## ARGUMENT

### I. MPS Requires the Court to Set Aside Settled Law to Accept its Defense

#### A. MPS Requests the Court Make a Credibility Decision

MPS fundamentally rests its defense on the position that "the only way MPS could have learned about [Fischer's] back score was through Fischer himself, *after* his call with Bret Crosby." Appellee Brief at 30. In order to make this argument the Court must disbelieve Fischer's testimony, as well as that of his mother and grandfather, who say that MPS told them he failed because of his back, and disbelieve MPS' own personnel who considered Fischer incapable of performing the job and a risk because of the CRT test. (AA[1] 30, 36-7, 65, 72-3, 85, 105-6, 123, 199, 202, 290, 292). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson v. City of Rochester*, 643 F. 3d 1031, 1042 (8th Cir. 2011), *citing*

---

[1] "AA" refers to Appellant's Appendix.

Appellate Case: 14-2245     Page: 5     Date Filed: 09/10/2014 Entry ID: 4195475

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, (2000), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. CRT was MPS' Agent

MPS says it could not have known of various issues such as the obvious errors in the test information recording and other basics of the CRT test program because that falls on CRT, not MPS. See Appellee Brief at 27. Even though MPS accepted the form and process used, which included the medical questionnaire and medical information, MPS considers itself immune because its hand did not record the specific information. See Appellee Brief at 43. However, CRT was its agent. MPS specifically undertook responsibility for any actions of CRT. (AA 206-7). MPS is as liable for the actions of its agent, CRT, as it would be for actions taken by itself, as CRT had the authority to act on behalf of, or at the direction of, MPS. *See* EEOC Compliance Manual 2-III(B)(2)(a). "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.' " *Torgerson*, 643 F. 3d at 1042, *citing Ricci v. DeStefano*, 129 S.Ct. 2658, 2677, (2009) *quoting Scott v. Harris*, 550 U.S. 372, 380, (2007). This fact precludes summary judgment.

### C. MPS Bears the Burden of Demonstrating Undisputed Facts

The moving party bears the burden of showing the material facts in the case are undisputed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Mems v. St.*

6

*Paul Dep't of Fire & Safety Servs.*, 224 F.3d 735, 738 (8th Cir. 2000). In this case the only fact undisputed is that Fischer was perfectly healthy and capable of performing the janitorial job at MPS. MPS did not label him "unqualified" at the time as it now argues. Instead it specifically considered him so impaired to be incapable of performing the job and presenting a substantial risk of injury to himself and others. (AA 105-6, 199, 202, 290, 292). MPS not only told him, but also made the same argument to the EEOC. (AA 123). Fischer presented a genuine issue of fact through his expert that the test is not a reliable method of determining qualification. (AA 310-14). MPS did not demonstrate any need for implementing the CRT program in the first place. (AA 134, 193, 289). The test itself was inconsistently applied by MPS, demonstrating its unreliability as not all employees had to take the test, some were allowed to repeat it and it was discontinued for another class of employees altogether. (AA 98, 104, 106-7, 137-8, 194, 197-8, 200, 202, 204). For Fischer, the nonsense recorded as to his height and weight show the test itself was unreliable in its application to him specifically, yet MPS accepted its results as the sole reason for ending his employment recall rights and seniority. (AA 50, 100, 140, 174, 203). These facts create an issue for jury determination.

### D. Fischer Brought a Claim of Disability Discrimination

Fischer brought a claim of discrimination under the ADA and MHRA. The basis for his discrimination claim was regarded as disability. MPS excuses the

District Court's ignoring of many of the material facts in the decision considering them "unpled claims." Appellee Brief at 41.

In demonstrating genuine issues for trial of his disability discrimination claim under federal and state law, Fischer identified multiple facts which conclusively demonstrated the law upon which his claim was founded was specifically violated. These included the use of improper medical inquiries, a pre-offer medical test, and inconsistent application of the test, among other facts. (AA 104, 106-7, 135, 137-8, 142-4, 175-7, 181, 184, 188, 194-202, 204, 282).

Frankly, MPS had not provided any authority requiring a single claim for disability discrimination be pled in such a myriad of methods. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To adopt MPS' theory would require an amendment of pleadings after every document request, interrogatory answer, subpoena and deposition. A separate count should not be required for each fact of proof. The ultimate question is did MPS violate the ADA or MHRA by regarding Fischer as disabled and all of these facts prove the claim. Fischer demonstrated this by the factual proof of the MPS conduct which violates the law.

8

### E. Fischer Offered Well Founded Expert Testimony

In order to refute MPS's allegations and demonstrate his ability to perform the work he had performed for two years, Fischer was examined by Thomas C. Jetzer, MD MPH. Dr. Jetzer, an experienced practitioner in the field of occupational medicine, has many years of experience conducting thousands of fitness examinations for private and public employers and federal agencies, as well as the development of standards to assess employees and as a teacher of ergonomics for the Minnesota School of Public Health. (AA 294-303). Dr. Jetzer is quite well qualified to assess Fischer's medical status, his ability to do the work, and the means and methods employed by MPS to prevent Fischer from returning to work.

In this case, MPS stated to Fischer and the EEOC they considered him a direct threat. Such an assessment "shall be based on a reasonable medical judgment that relies on the most current medical knowledge." *See* 29 C.F.R. 1630.2(r)(direct threat assessment); EEOC Technical Assistance Manual § 6.4; Minn. Stat. § 363A.20, Subd. 8 (regarding physical examinations); Minn. Stat. § 363A.25 (direct threat). Dr. Jetzer's opinion is quite relevant here. MPS relates its greatest criticism of Dr. Jetzer as follows: "Dr. Jetzer's statement that MPS regarded Fischer as substantially impaired and a threat to safety is nothing more than a legal conclusion masquerading as expert opinion." Appellee Brief at 34. However, MPS continues to improperly relate his opinion. Dr. Jetzer stated:

9

In your opinion, did Minneapolis Public Schools regard Mr. Fischer substantially impaired in the ability to perform his major life activities of pulling, carrying, pushing and lifting?

Yes. *By claiming that he did not pass the test, which they have used as a measure of requirements of doing the janitor/engineering job, they have disqualified him and considered him impaired and at risk of doing this type of work.*

(AA 311) (Emphasis added). Dr. Jetzer merely accepted MPS' direct statements. (AA 30, 36-7, 65, 72-3, 85, 105-6, 123, 199, 202, 290, 292). There was obviously sufficient foundation for this conclusion.

Federal Rule of Evidence 702 reflects an attempt to "liberalize the rules governing the admission of expert testimony," and "favors admissibility over exclusion." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Doubts regarding the usefulness of an expert's testimony should be resolved in favor of admissibility. *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011). Any "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (*citing* 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6265 (1997)). "The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (internal quotations and citation omitted).

Dr. Jetzer provided several opinions, his credentials are impeccable, and he would offer invaluable assistance to a jury considering this case. The District Court improperly discounted his opinion in granting summary judgment.

## II. Fischer Demonstrated Retaliation

The ADA and the MHRA prohibit employer retaliation against any employee due to the employee's complaints about discrimination. 42 U.S.C. 12203(a); Minn. Stat. § 363A.15. MPS deliberately misrepresents Fischer's claims placing its obligations on Fischer. MPS had an obligation to make inquiries to accommodate Fischer since it considered Fischer incapable of performing the work or presenting a risk of harm to himself or others as it stated at the time. Minn. Stat. § 363A.03, Subd. 36; Minn. Stat. § 363A.08, Subd. 6(b)(5). Fischer went to many MPS managers and representatives. He was denied a retest or any consideration whatsoever. He lost his seniority and ability to be recalled in the future. Despite being required to demonstrate "documented good faith efforts" to work with Mr. Fischer, and having the burden of proof under Minnesota law that he could not be accommodated, MPS still did nothing. This is reprisal, even though Fischer had no actual physical impairment. *See Heisler v. Metro. Council*, 339 F.3d 622, 632 n. 6 (8th Cir. 2003) ("An individual who is adjudged not to be a 'qualified individual with a disability' may still pursue a retaliation claim under the ADA" (*citation omitted*)).

### III. Immunity was Not Decided by the Trial Court

"It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singelton v. Wulff*, 428 U.S. 106, 120 (1976). MPS asserted the novel claim of immunity from discrimination. Fischer provided argument that the defense was wholly inappropriate to the action brought here. The issue was presented to the District Court but the Court offered nothing in its decision on this issue. Accordingly, this Court should not consider the issue.

Should the Court consider this claim, it should be noted that the attempted amendment to add this defense was time barred under Local Rule 16.3 and Rule 16 of the Federal Rules of Civil Procedure. Rule 8(c)(1) of the Federal Rules of Civil Procedure requires affirmative defenses be stated in a responsive pleading. Rule 12(h)(2)(A) would otherwise require a defense, like immunity, be raised in the Answer. Fed.R.Civ.P. 12(h)(2)(A), Fed.R.Civ.P. 7(a)(2). Under the Scheduling Order [Trial Court Doc 8], any amendments to pleadings were to be accomplished by January 31, 2013. MPS filed its Amended Answer untimely on April 12, 2013. [Trial Court Doc 13]. MPS states that its Answer is not a "claim for relief" so the Magistrate Judge's Scheduling Order has no effect on any defense it would seek to assert at any time. Appellee's Brief at 53. However, Federal Rule of Civil Procedure 8(c)(1) requires defendants to plead affirmative defenses and Rule 12 requires they be pled timely. "Generally, failure to plead an affirmative defense

12

results in a waiver of that defense." *First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). Similar affirmative defenses, such as failure to mitigate damages and preemption, are waived if not pled timely. *See Sayre v. Musicland Grp., Inc.*, 850 F.2d 350, 354 (8th Cir. 1988) ("As with other affirmative defenses, failure to plead mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case"); *Wuebker v. Wilbur–Ellis Co.*, 418 F.3d 883, 886 (8th Cir. 2005) (Rule 8(c) required the defendant to plead the preemption defense in its answer).

Second, the defense does not apply here. Minnesota Courts have addressed official immunity in discrimination cases and consider it inappropriate for summary judgment.

MPS references personal injury negligence cases where a government official who makes a decision will ordinarily be immune from suit unless the claimant can establish that the government official forfeited immunity protection by acting willfully or maliciously. In the case of claims of discrimination under the MHRA however, proof of forfeiture of official immunity through willfulness or malice is conjoined with proof of discrimination, because evidence of an alleged discriminatory act is essentially equivalent to evidence of willful or malicious conduct. *See State by Beaulieu v. City of Mounds View*, 518 N.W.2d 567, 569-71 (Minn. 1994) (analyzing official immunity in context of MHRA race-discrimination

13

claim against police officers); *Davis v. Hennepin County*, 559 N.W.2d 117, 122-24 (Minn. App. 1997) (analyzing official immunity in context of MHRA sexual-harassment claim against county correctional facility employees), review denied (Minn. May 20, 1997). Malice, for purposes of official immunity "means nothing more than the intentional doing of a wrongful act without legal justification or excuse, or, otherwise stated, the willful violation of a known right." *Rico v. State*, 472 N.W.2d 100, 107 (Minn. 1991).

In *Beaulieu*, the Minnesota Supreme Court expressly recognized the same evidence that is necessary to prove discrimination will almost always demonstrate willful or malicious conduct for purposes of official immunity. *Beaulieu,* 518 N.W.2d at 570. Because both inquiries require a finding that the defendant acted intentionally, and the inquiry for each focuses on the objective reasonableness of the defendant's actions, "the practical impact of allowing official immunity to be asserted as a defense to discrimination claims under [the MHRA] will be at most negligible." *Id*. The high court concluded there would rarely be a case in which one could find that, for official immunity purposes, an official discriminated under the MHRA but did not act maliciously. *Id.*

## **CONCLUSION**

MPS wrongly perceived Fischer as disabled when he failed the CRT test and Fischer suffered the loss of his employment and seniority. When faced with this

14

Appellate Case: 14-2245     Page: 14     Date Filed: 09/10/2014 Entry ID: 4195475

obvious error, MPS did nothing to rectify its mistake. Fischer has demonstrated genuine issues of material fact precluding summary judgment which allow his case to be heard by a jury. The trial court's decision should be reversed and the matter heard by a jury.

Dated: September 10, 2014

Respectfully submitted,

ENGELMEIER & UMANAH, P.A.

By: *s/Thomas E. Marshall*
Thomas E. Marshall
706 Second Avenue South, Suite 1100
Minneapolis, MN 55402
(612) 455-7721

ATTORNEYS FOR APPELLANT

# CERTIFICATE OF COMPLIANCE
# AND VIRUS FREE ELECTRONIC VERSION OF BRIEF

I, Thomas E. Marshall, certify the following pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure and Local Rule 28(h):

Appellant's Reply Brief complies with the type-volume limitation of F.R.A.P. 32(a)(7)(B)(ii) in that it contains no more than 7,000 words. Appellant's Reply Brief contains 3,092 words.

Appellant's Reply Brief was prepared in Microsoft Office Word 2007, Windows 7 Professional.

In compliance with Local Rule 28(h), Appellant's Reply Brief, generated from the Word version to PDF format and filed via ECF, was scanned for viruses and was found to be virus free.

Dated: September 10, 2014        *s/Thomas E. Marshall*
                                 Thomas E. Marshall